IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BENJAMIN CRUZ CRUZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-25-CV-732-KC |
| | § | |
| WARDEN, ERO EL PASO CAMP | § | |
| EAST MONTANA, et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered Benjamin Cruz Cruz's Petition for a Writ of Habeas Corpus, ECF No. 1. Cruz is held in immigration detention at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* at 2. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 1–4, 11–13.

Cruz has been in the country for approximately twenty-one years and was apprehended and detained for the first time on November 4, 2025. *Id.* at 1–2. In its Show Cause Order, ECF No. 5, the Court noted that, "[a]s alleged, [Cruz's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Cruz's case warrant a different outcome." *Id.*

Respondents declined the invitation. *See generally* Resp., ECF No. 7. In the Response, they do not reference *Martinez*, much less explain why the Court's reasoning there does not compel the same result here. *See generally id.* Other than a single citation as contrary authority, Respondents do not discuss, or even mention, any of this Court's many recent immigration

habeas decisions. *See id.* at 7 ("That the alien in *Thuraissigiam* failed to request his own release in his prayer for relief does not make the holding any less binding here. *But see Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025).").

Instead, Respondents offer boilerplate. Throughout its many decisions on this topic, the Court has rejected nearly every legal argument raised in the Response.[1] *Compare* Resp. 1–10, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13. It is Respondents' prerogative to preserve these arguments for appeal. Nevertheless, where they make no new legal arguments and no effort to distinguish the facts of this case from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Cruz's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before January 14, 2026**, Respondents shall either: (1) provide Cruz with a bond hearing before an IJ, at which the Government shall bear the

---

[1] Respondents make two novel arguments that orders issued in the Northern District of Illinois and the Central District of California regarding warrantless arrests and mandatory detention under 8 U.S.C. § 1225(b), respectively, are not preclusive and do not separately entitle Cruz to the relief he requests. Resp. 10–18. The Court need not reach this issue because it finds that Cruz succeeds on his own procedural due process claim, assessed independently of the Illinois and California decisions.

[2] The relevant facts are undisputed, *see* Resp. 1, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Cruz's continued detention; or (2) release Cruz from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before January 14, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Cruz has been released from custody. If Cruz has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the January 14, 2026, deadlines.**</u>

**SO ORDERED**.

**SIGNED** this 7th day of January, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE